FILED
2007 Aug-16  PM 02:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **HEARTLAND, L.L.C.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 07-B-0406-NE |
| | ) |
| **THE HEARTLAND BAND; TRA-STAR ENTERTAINMENT, INC.; FRANK SCHERMAN; CHARLES IHLOFF; PAT SHIEW; BOB DREILING; MANDY LYNN; BRIAN ELAM,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on a Motion to Dismiss, (Doc. 5),[1] filed by defendants Heartland Band,[2] Tra-Star Entertainment, Inc., and Scherman. Defendants contend that this court lacks personal jurisdiction over them and, therefore, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Plaintiff contends, "Assuming the veracity of Mr. Scherman's Affidavit, it appears that the eastern District of Virginia is a proper venue for the prosecution of this action," and that this court should transfer the case pursuant to 28 U.S.C. § 1406(a). In Reply, defendants

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Defendants contend that the proper name for the defendant named in plaintiff's Complaint as "the Heartland Band" is "Heartland." (Doc. 5 at 1.) Nevertheless, for purposes of this opinion, the court will refer to this defendant as "the Heartland Band."

argue that plaintiff has failed to show that the district court for the Eastern District of Virginia has personal jurisdiction over all defendants; they argue:

> While Mr. Scherman's affidavit may be sufficient to show that the Heartland Defendants [Heartland Band, Tra-Star Entertainment, and Scherman] are amenable to suit in the Eastern District of Virginia, it does nothing to show this with respect to any other named defendant. Moreover, there is no showing that the Eastern District of Virginia is a proper venue for this action.

(Doc. 11 at 3.) Defendants also allege that plaintiff has not shown that transfer to Virginia would be in the interest of justice, as required by 28 U.S.C. § 1406(a). (*Id*. at 3-4.)

Plaintiff has made no showing that this court has personal jurisdiction over defendants. Therefore, defendant's Motion to Dismiss is due to be granted and plaintiff's claims dismissed, unless, in lieu of dismissal, the court transfers of this action to the Eastern District of Virginia.

For purposes of this decision, the court has not considered the unserved defendants Charles Ihloff, Pat Shiew, Bob Dreiling, Mandy Lynn, and Brian Elam. It has considered only whether transfer of plaintiff's case against the Heartland Band, Tra-Star Entertainment, and Scherman is appropriate.

Based on consideration of the record, the court finds that transfer pursuant to 28 U.S.C. § 1631 is not warranted. Section 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . shall proceed as if it had been filed in . . . the court to which it is transferred on the

date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631. One of the factors considered in determining whether a transfer is in the interest of justice is whether a plaintiff can re-file its claims in the proper forum or whether such claims are time barred. *See Bond v. Ivy Tech State College*, No. 05-11491, 167 Fed. Appx. 103, 106, 2006 WL 306046, 3 (11th Cir. Feb. 10, 2006)[UNPUBLISHED]; *see also Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)(noting that, in addition to considering whether a plaintiff's claims would be time barred, court should also consider whether plaintiff's claims have merit and whether the original action was filed in good faith). Nothing in the record in this case indicates that plaintiff would be barred from refiling its claims in the proper forum.[3] Therefore, the court declines to transfer this action.

Defendants' Motion to Dismiss will be granted and plaintiff's claims will be dismissed without prejudice.

**DONE**, this the 16th day of August, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]The court has no knowledge of whether plaintiff's claims have merit, but, assumes for purposes of defendants' motion, that the action was filed in good faith.